UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-20-RJC

| WILLIAM D. BUHL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| SUSAN WHITE, | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner William Buhl's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

## I. BACKGROUND

Pro se Petitioner William Buhl is a prisoner of the State of North Carolina who, on or about October 5, 2005, in Transylvania County Superior Court, was found guilty by a jury of two counts of statutory rape. Petitioner was sentenced to 240 to 297 months in prison on each count. Petitioner appealed and on December 5, 2006, in an unpublished opinion, the North Carolina Court of Appeals affirmed Petitioner's conviction. State v. Buhl, 180 N.C. App. 475, 637 S.E.2d 308 (2006). On or about February 12, 2008, Petitioner filed a Motion for Appropriate Relief in the North Carolina Supreme Court, which was denied on April 10, 2008. State v. Buhl, 362 N.C. 363, 661 S.E.2d 743 (2008). On or about June 6, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Transylvania County Superior Court. See (Doc. No. 1 at 16). The MAR Court denied the MAR on or about July 2, 2012. (Id.). On October 15, 2012, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on October 31, 2012.

On or around January 25, 2013,[1] Petitioner filed the instant Section 2254 petition, alleging the sole, following ground for relief: that Petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963), were violated because "the state failed to disclose the results of the rape kit in the case at bar and this Petitioner only discovered the violation when he was able to compare the discovery with the trial transcript and studied the rules of law and evidence which both his trial and appellate counsel should have known and executed on Petitioner's behalf…." (Doc. No. 1 at 5).

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III.  DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner placed the instant petition in the prison mailing system on January 21, 2013. See (Doc. No. 1 at 14).

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner was convicted on or about October 5, 2005. Petitioner appealed and on December 5, 2006, the North Carolina Court of Appeals affirmed Petitioner's conviction. Because Petitioner did not file the habeas petition until on or around January 25, 2013, the petition is clearly time-barred under 28 U.S.C. § 2244(d)(1)(A). Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In Section 18 of the petition regarding timeliness, Petitioner asks this Court "to consider 28 U.S.C. 2254(d)(1)(c) and (d), 'the date on which the constitutional right asserted was initially recognized by the Supreme Court,' i.e., Smith v. Cain, 564 U.S. __ 132 S. Ct. 627 (2012), which revisits Brady v. Maryland, 373 U.S. 83 (1963), and the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. No. 1 at 13).

3

Here, the Supreme Court in Smith v. Cain did not recognize a new right that was made retroactively applicable to cases on collateral review. Rather, the U.S. Supreme Court in Smith v Cain merely reiterated the holding from Brady that the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. In sum, Section 2244(d)(1)(C) does not apply to render the petition timely. Furthermore, Petitioner suggests that he did not discover his Brady claim until within one year of when he filed his habeas petition and that his petition is therefore timely under Section 2244(d)(1)(D). In the petition, Petitioner argues that his Brady rights were violated under Smith v. Cain on the ground that the prosecution did not disclose an alleged rape kit in discovery, but the prosecution included the kit in Petitioner's trial. See (Doc. No. 1 at 3). Petitioner does not show how the factual predicate of his alleged Brady claim could not have been discovered through the exercise of due diligence until 2012. Rather, Petitioner merely appears to contend that he did not recognize the legal significance of his alleged Brady claim until the U.S. Supreme Court issued Smith v. Cain. Section 2244(d)(1)(D) simply does not apply to render the petition timely.

Finally, Petitioner has presented no grounds for equitable tolling, and the Court finds none. In sum, the petition must be dismissed as untimely.

### IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section 2254 motion is untimely, and the petition will therefore be dismissed.[2]

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is

4

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

_____
Robert J. Conrad, Jr.
Chief United States District Judge

---

not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue. Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.